

**FILED**

SEP 0 9 2009

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ABEL GONZALES, | ) | CV 09-01-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Gonzales, a state prisoner proceeding pro se, has filed a Complaint

under 42 U.S.C. § 1983 alleging that Montana State Prison officials violated his

Eighth Amendment rights by denying him adequate medical care.

United States Magistrate Judge Keith Strong conducted preliminary

screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that

statute, the court engages in a preliminary screening to assess the merits of the

claims and identify cognizable claims, or dismiss the complaint or any portion

thereof if the complaint is frivolous, malicious, or fails to state a claim upon which

relief can be granted.

Judge Strong issued Findings and Recommendations in which he

recommends dismissal of the Complaint with prejudice for failure to state a claim

upon which relief can be granted.  Judge Strong explained that the Complaint fails

to allege facts sufficient to support a finding of deliberate indifference on behalf of

the Defendants.  Judge Strong  found that Plaintiff Gonzales received regular

medical attention for his neck problems until he received surgery in March of

2007.  With respect to the Plaintiff's bladder tumor, Judge Strong found that the

Defendants had responded appropriately each time the Plaintiff complained of

blood in his urine.  Because the facts as alleged do not give rise to deliberate

indifference, Judge Strong recommends dismissal of the Complaint with prejudice.

Plaintiff Gonzales did not timely object and so has waived the right to de

novo review of the record.  28 U.S.C. § 636(b)(1).  This Court will review the

Findings and Recommendation for clear error.  McDonnell Douglas Corp. v.

Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error

exists if the Court is left with a "definite and firm conviction that a mistake has

been committed."  United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and

Recommendations (Doc. No. 8) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Gonzales has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this ___ day of September, 2009.

Donald W. Molloy, District Judge
United States District Court